In debt, the plaintiff declared on a bill bearing date in paroch,sanctae Marioe de arcubus in London; and upon oyer of the deed, it bore date at Hamburgh, and the writ was in the Detinet Tantum.
Bridgeman, Serj., objected that although it is usual to lay such actions in a certain place, as in Kent, London, etc., yet, as this case is, it cannot be, because when any place is named, it shall be understood primafacie that it is a town and not a particular place, as a house, as appears by 3 E., 3, 68, and Breve, 638. Then he said that Hamburgh shall be intended to be a town, which cannot be in London. Therefore, the declaration is faulty for not having said Hamburgh in London. *Page 634 
But it was argued contra by Barnes. I confess that a place named shall be understood to be a vill or town, as the Serjeant has said, but nevertheless the date of the deed shall be understood to be of a particular place or house. And if there be an obligation bearing date at Antwerp or Callis-Sands, it shall be understood to be in some of the taverns in London that are so called, and not of places beyond the seas. 21 E., 4, 26. And in the case of Higin v. Flower, 2 Jac. B. R., the date of an obligation was at Athlone in Ireland, therefore the action could not lie here, as England cannot be in Ireland, but if it had been at Athlone simply, then it was agreed that it might have been sued here, because Athlone may be alleged to be in England. And in this case, if the date had been at Hamburgh inpartibus transmarinis, it could not have been sued here, as it could not be in London; but being at Hamburgh simply, it might be alleged to be in England.